UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:03-CV-003 |
| | ) | |
| UNION PLANTERS BANK | ) | |
| CHECKING ACCOUNT NO. | ) | |
| 0003071839 IN THE NAME | ) | |
| WORLD MONEY CLUB, ET AL. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This civil forfeiture action was filed by the United States of America seeking forfeiture of three accounts at Union Planters Bank and one account at E*Trade Securities and is before the Court on the motion of Earnest and Elena Burd for leave from the stay of proceedings previously ordered by this Court in order to file a claim against one of the accounts seized by the government in this action [Doc. 68]. This Court held a hearing on the merits of the petitioner's claim, at which time testimony was presented by the petitioners. In effect, the petitioners have been permitted leave from the stay to present their claim, and therefore, to that extent, the motion to lift the stay is **GRANTED** as to Mr. and

Mrs. Burd only.[1]

Mr. and Mrs. Burd were among the last "investors" in a *Ponzi* scheme orchestrated by Gary Von Oesen and Geneva Houston, (collectively the "Von Oesens"). The Von Oesens were subsequently indicted by the Federal Grand Jury and charged with wire fraud, mail fraud, securities fraud, promotion money laundering and transactions in criminally derived property over $10,000. (E.D. TN. case No. 2:04-CR-63). The indictment contained a forfeiture allegation seeking forfeiture of the defendants' interest in the property which is the subject of this civil action. The Von Oesens pled guilty to some of these charges pursuant to plea agreements with the United States on September 19, 2005, and also agreed to forfeit their interest in these accounts to the United States. (See Doc. Nos. 108, 110 and 113 in No. 2:04-CR-63). Agreed preliminary orders of forfeiture were entered on November 2, 2005. (Docs. 114 and 115 in No. 2:04-CR-63). The Von Oesens were sentenced by this Court on January 23, 2006 and restitution of $7,991,622.72 was ordered. Judgment was entered as to Geneva Houston on January 27, 2006 and as to Gary Von Oesen on February 8, 2006. (Docs. 143 and 145 in case No. 2:04-CR-63). Neither defendant appealed the judgments of this

---

[1] The Burds have also filed a claim in the Von Oesens' criminal case.

Court.

On December 2, 2003, the Burds delivered checks totaling $400,000.00 to Gary Von Oesen for the purchase of stock in Encor Environmental Solutions, Inc. and a loan to World Capital Group, Inc., companies used by the Von Oesens in their fraudulent scheme. The checks were deposited in Union Planters Bank checking account No. 0003071839 in the name of World Money Club, another entity utilized by the Von Oesens. The funds in account No. 0003071839 were seized by the United States in January, 2003, pursuant to seizure warrants issued by the Court. The Burds claim
that a portion of the funds they paid to Gary Von Oesen are traceable to the World Money Club account seized by the United States and that the Court should impose upon these funds a constructive trust for the benefit of the petitioners. In contrast, the government argues that these funds should simply be distributed by the Department of Justice applying the Attorney General's guidelines for restitution, which would result in the petitioners sharing *pro rata* in the seized funds with the other victims of the Von Oesens's schemes. The United States submits that the petitioners do not have standing to object to the forfeiture, and that even if standing were present, a constructive trust should not be imposed.

3

While it is clear that the petitioners must assert more than a mere legal interest in the property in order to state a cognizable claim, the Court is convinced that the petitioners have sufficiently stated a claim. *See United States v. Campos*, 859 F. 2d 1233, 1239 (6th Cir. 1988). For standing to exist the interest in the forfeited property <u>asserted</u> by the petitioner must be vested or superior to that of the criminal defendant. *Id.* An interest in a constructive trust is superior to that of the interest of the criminal defendant. *Id.*

The United States suggests that the Court must first determine whether a constructive trust exists prior to determining whether the defendants have standing. The Court disagrees, instead finding that the petitioners by setting forth sufficient facts upon which a determination might be made that the petitioners have a superior right to the proceeds of the account than that of the criminal defendant, and consequently the interest of the United States, is sufficient to confer standing to determine the ultimate issues of whether the Court should find and impose a constructive trust.

A constructive trust is an equitable remedy imposed by a court in order to achieve justice. *Healy v. Commissioner of Internal Revenue*, 345 U.S. 278, 282, 735 S. Ct. 671, 97 L. Ed. 1007 (1953). A constructive trust is a

4

judicially created remedy that arises under state law. The parties agree on the necessary elements under Tennessee law. A constructive trust may be imposed where: (1) a person procures the legal title to property in violation of a duty to the actual owner; (2) the title to the property is obtained by some inequitable means; (3) a person makes use of some influence in order to obtain title on better terms than it otherwise would have been obtained; (4) a person acquires property with notice that someone else is entitled to its benefits. *Estate of J.C. Queener v. Helton*, 119 S.W. 3d 682, 687 (Tenn. Ct. App. 2003) (citing *Roach v. Renfro*, 989 S.W. 2d 335, 341 (Tenn. Ct. App. 1998)). A constructive trust "requires some element of fraud, concealment, duress, etc. such that a person has obtained property which he ought not, in equity and good conscience, hold and enjoy. *Id.* "[N]o constructive trust can be imposed upon property unless the misappropriated fund is traced into the property sought to be impressed with the trust." *McConnell v. Henochberg*, 11 Tenn. App. 176, 1929 WL 1694, slip op. at 15-16 (Tenn. Ct. App. 1929). Because a constructive trust is an equitable remedy, the limitations on equitable remedies apply. *Emmitt v. Emmitt*, 174 S.W. 3d 248 (Tenn. Ct. App. 2005).

At first blush, it would appear that the Burds have sufficiently set forth all of the elements required of them in the establishment of a constructive trust. In fact, the element which would seemingly be the most difficult to prove, that is the ability to trace into these criminal defendants' depository account the petitioners' funds, was addressed by uncontroverted testimony, the investigating officer having testified that a portion of the petitioner's funds were indeed traceable to the account.[2] *See Cunningham v. Brown*, 265 U.S. 1, 11 (1924). "A constructive trust may only be imposed against one who, by fraud, actual or constructive, by duress or abuse of confidence, by commission of wrong, or by any form of unconscionable conduct, artifice, concealment or questionable means, has obtained an interest in property which he should not in equity or in good conscious retain." *In re Conservatorship of Brown*, 2005 WL 1848482 (Tenn. Ct. App. August 5, 2005) (slip copy). No argument has been advanced that the petitioners were not defrauded by the criminal defendants nor that the criminal defendants have the right to retain the property they obtained through unconscionable means. In fact, this Court has essentially made this finding

---

[2] The agent testified that $147,120.30 of the money in the account at Union Planters Bank was traceable to the checks from the Burds and the Burds now claim entitlement to that amount.

already, by accepting the defendant's guilty pleas and ordering forfeiture of their funds and restitution to their victims.   Rather, the question before the Court is whether the petitioners' unique ability to trace a portion of the funds which they paid to the Von Oesens entitles them to payment of funds from the forfeited account to the detriment of the other victims, who would otherwise also be paid a pro rata share of those funds, or said differently, whether the imposition of a constructive trust by this Court on behalf of the Burds results in unfairness to similarly situated victims.

Even though the Burds are able to trace their funds to the account seized from those responsible for the fraud, the Von Oesens, it is only because of the fortuity of timing.  The only thing that differentiates the Burds, who are clearly innocent victims, from other innocent victims is that the Burds, because they were among the last investors, are able to trace their funds, while earlier victims, whose funds had been dissipated by the Von Oesens, are not.  Imposing a constructive trust on these funds in favor of the Burds would significantly harm the other victims of the Von Oesen's fraud by substantially reducing their share of the forfeited funds.  Simply put, it is inequitable and unfair to treat the Burds, as sympathetic as their plight may be, more favorably than all the other victims of the

7

Von Oesens' fraud. For this reason, a constructive trust in favor of the Burds will not be imposed.

The Tennessee Court of Appeals has recently reached the same result in a similar situation and held the imposition of a constructive trust not appropriate. *See Freels v. Joseph C. Taylor and Associates., Inc.*, 154 S.W. 3d 561 (Tenn. Ct. App. 2004). The plaintiffs, the victims of a *Ponzi* scheme by the defendant, sought to recover a $50,000.00 cashier's check which the plaintiffs presented to the defendant's owner, Joseph C. Taylor, the day before Mr. Taylor committed suicide, and which was never endorsed nor negotiated. Plaintiffs argued that they were the beneficiary of a constructive trust since the check was given to Taylor to invest for the benefit of the plaintiffs. The Court held that the trial court properly ruled that the plaintiffs were similarly situated to other creditors of the defendant, and that equity would not be served by imposing a trust on these funds for the plaintiffs' benefit, quoting the Chancellor (trial judge) as stating:

> "In accordance with the equitable maxim 'equity delights in equality', a court of Chancery will divide a common fund equally between those entitled, and if the fund is not sufficient to pay all in full, a pro rata distribution will be ordered."

*Id.* at 564.

Applying these same principles to this case, the Court cannot escape the conclusion that to award these petitioners, sympathetic as they may be, the constructive trust they seek, would not treat the other creditors of the criminal defendants with equality. Accordingly, the petitioners' claim against a portion of Union Planter's Bank Checking Account No. 0003071839 in the name World Money Club is **DENIED**.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE